IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARIELLA T. LOHMAN, :
:
      Plaintiff :
:
vs. : CIVIL ACTION NO. 3:CV-08-1187
: (JUDGE KOSIK)
DOLLAR GENERAL CORPORATION, :
:
      Defendant :

## MEMORANDUM and ORDER

Before the court is defendant's motion for summary judgment. For the reasons which follow, the motion for summary judgment will be denied.

## BACKGROUND

Plaintiff, Mariella T. Lohman, filed a Praecipe for Writ of Summons in the Court of Common Pleas of Luzerne County on April 9, 2008. A complaint in the action was filed on June 2, 2008. The basis of the complaint was a slip and fall at a Dollar General store. Named as defendant is Dollar General Corporation.[1] On June 23, 2008, defendant filed a notice of removal removing the action to this court. On June 26, 2008, defendant filed an answer to the complaint raising affirmative defenses. On December 12, 2008, defendant filed a motion for summary judgment, statement of material facts and a brief in support thereof. On December 29, 2008, plaintiff filed a brief in opposition to defendant's motion

---

[1] We note that defendant's state that their proper designation is "Dolgencorp., Inc."

and a response to defendant's statement of material facts.

## DISCUSSION

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249. The court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

Initially, the moving party must show the absence of a genuine issue concerning any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the nonmoving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 257; see Celotex Corp., 477 U.S. at 323–24. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." Hugh, 418 F.3d at 267 (citing

Anderson, 477 U.S. at 251).

If the court determines that the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, then no genuine issue for trial exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322.

We have reviewed the defendant's motion for summary judgment, legal arguments and documentation submitted in support of the motion, as well as the plaintiff's counter-documentation. We find that genuine issues of material fact remain surrounding the circumstances and nature of plaintiff's fall.

ACCORDINGLY, THIS 3rd DAY OF FEBRUARY, 2009, IT IS HEREBY ORDERED THAT:

(1) The defendant's motion for summary judgment (Document 24) is **DENIED**; and

(2) The jury selection scheduled for Monday, March 16, 2009 at 8:30 a.m. will proceed.

_____
Edwin M. Kosik
United States District Judge